# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSEPH T.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 2:24-cv-346-IM<br><br>**OPINION AND ORDER** |

Kevin Kerr, Kerr Robichaux & Carroll, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

Kevin Danielson, Executive Assistant U.S. Attorney, and Natalie K. Wight, U.S. Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; and Sathya Oum, Special Assistant U.S. Attorney, Social Security Administration Office of the General Counsel, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

　　Plaintiff Joseph T. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying him benefits. For the reasons stated below, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

PAGE 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

On July 22, 2019, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging disability beginning September 1, 2011. AR 241, 248. The Social Security Administration ("SSA") denied his application initially and upon reconsideration. AR 74–89. Plaintiff then failed to appear at a hearing held on November 3, 2022, before Administrative Law Judge ("ALJ") Jesse Shumway, although his attorney did appear. AR 33–41. On January 30, 2023, the ALJ issued a decision finding that Plaintiff had not been under a disability from the alleged onset date through the date of the decision. AR 12–32. Plaintiff requested review of the decision, which the Appeals Council denied. AR 1–6. This appeal followed.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had engaged in substantial gainful activity during the period of August 7, 2019, through December 31, 2019, but that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. AR 19-20. At step two, the ALJ found that Plaintiff suffered from no severe impairment. AR 20–25. The ALJ therefore determined that Plaintiff was not disabled from September 1, 2011, through the date of the decision. AR 25.

## STANDARD OF REVIEW

The district court must uphold the Commissioner's decision if it is supported by substantial evidence and based on the proper legal standards. 42 U.S.C. § 405(g); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational

PAGE 2 – OPINION AND ORDER

interpretation," the ALJ's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two issues with the ALJ's decision. Plaintiff argues the ALJ erred by (1) failing to identify any severe impairments at step two, and (2) failing to fully develop the record. The Court addresses each of Plaintiff's arguments in turn.

### A. Step Two

At step two, the ALJ determines "whether the claimant had severe impairments during the period for which he seeks disability benefits." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023) (citing 20 C.F.R. § 404.1520(a)(4)(ii)). A severe impairment is any impairment or condition that "significantly limits" an individual's "ability to perform work functions or activities." 20 C.F.R. § 404.1520(c). The claimant bears the burden to show that he has a severe impairment. *Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); 20 C.F.R. § 416.912(a).

The step-two severity analysis is a "threshold showing" that serves to "identify[] at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Bowen v. Yuckert*, 482 U.S. 137, 145, 153 (1987). In evaluating whether the claimant's impairments are severe, "the ALJ must consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

To deny a claim at step two, an ALJ must provide "substantial evidence to find that the medical evidence clearly established that [the claimant] did not have a medically severe impairment or combination of impairments." *Glanden*, 86 F.4th at 844 (alteration in original)

PAGE 3 – OPINION AND ORDER

(quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)). Step two requires "no more than a de minimis showing," and denial of a claim at step two therefore "requires an unambiguous record showing only minimal limitations." *Id.* at 843–44. The Ninth Circuit has characterized this as permitting an ALJ to deny a claim at step two "*only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* at 844 (emphasis in original) (quoting *Webb*, 433 F.3d at 844); *accord* SSR 85-28, 1985 WL 56856 (Jan. 1, 1985) (explaining that ALJs must exercise "great care" at step two and proceed to step three if a clear determination cannot be made).

At step two, the ALJ noted that that Plaintiff had numerous medically determinable impairments ("MDIs") including obesity, a history of corneal abrasion, cataracts, mild hyperlipidemia, a lumbar strain, a knee sprain, lateral epicondylitis, rib fractures, mild restrictive lung disease, pulmonary nodules, a hiatal hernia, depression, anxiety, post-traumatic stress disorder, and alcohol use disorder. AR 20–25. The ALJ nevertheless found these MDIs, independently or combined, did not rise to the level of a "severe" impairment. *Id.*

Plaintiff identifies what he argues are three errors in the ALJ's decision at step two. First, Plaintiff argues the ALJ misconstrued the findings of state agency medical consultants who reviewed his file in 2019 and 2020. *See* AR 42–71. Plaintiff contends that these consultants "determined that Plaintiff had severe impairments of depression and substance addiction disorder." Plaintiff's Opening Brief ("Pl. Br."), ECF 6 at 5. Second, Plaintiff believes the ALJ erroneously concluded that his treatment history was inconsistent with having any severe impairments. *Id.* Third, Plaintiff argues the ALJ failed to support the conclusion that several of his MDIs do not meet the 12-month durational requirement with substantial evidence. *Id.* at 6.

None of these three allegations of error undermine the ALJ's analysis. First, Plaintiff argues the ALJ misinterpreted the opinions of state agency medical consultants that characterized Plaintiff's depression and substance addiction as "severe." Pl. Br., ECF 6 at 5. While these consultants identified Plaintiff's mental impairments as "severe," their opinions also determined that they could not attribute any limitations to these impairments, and the consultants ultimately concluded that there was insufficient evidence to demonstrate severity. AR 45, 53. The "mere existence of an impairment is insufficient proof of a disability." *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993). Instead, it is Plaintiff's burden to establish an impairment that is sufficiently severe to warrant significant limitations on his ability to work. *See Bowen*, 482 U.S. at 146 n.5; 20 C.F.R. §§ 404.1520(c). While the medical consultants may have described Plaintiff's conditions as "severe," Plaintiff has not identified "sufficiently severe non-exertional limitation[s]" that significantly limit his "ability to do work beyond the exertional limitation.' *Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007). Plaintiff's briefing does not point to any additional evidence of limitations imposed by these conditions. Pl. Br., ECF 6 at 5-6. The ALJ therefore did not err in finding the state agency consultants' opinions did not support any severe impairments at step two.

Second, Plaintiff argues the ALJ erred by discounting his symptom allegations because of his conservative treatment history. Pl. Br., ECF 6 at 5. This argument is not persuasive. Evidence of conservative treatment may allow an ALJ to infer that a claimant's symptoms are not as disabling as presented in the claimant's subjective testimony. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). Here, the ALJ found that Plaintiff's "routine and conservative" course of treatment was not consistent with the alleged disability. AR 23. For example, at the time of his July 2019 application, Plaintiff

alleged severe mental health symptoms, but had not sought treatment for those conditions since 2013. *See* AR 44–45. Plaintiff did not appear at the hearing to explain his lack of treatment. AR 23. Plaintiff argues that the ALJ's inference ignored evidence showing that Plaintiff was homeless and lacked a vehicle, which are obvious barriers to seeking treatment. Pl. Br., ECF 6 at 5. But Plaintiff's counsel offered these facts as an explanation for Plaintiff's failure to appear at the hearing in November 2022, not as a consistent barrier to treatment for the past several years. AR 35, 229. Because the ALJ reasonably identified a significant gap in Plaintiff's medical treatment, and Plaintiff offered no explanation for this gap, this was a clear and convincing reason supported by substantial evidence to discount Plaintiff's symptom testimony.[2]

Lastly, Plaintiff argues that the ALJ erred by finding that his impairments did not meet the 12-month durational requirement, pointing to a diagnosis of corneal abrasion in 2011 followed by cataract surgeries in 2022. Pl. Br., ECF 6 at 5-6. Again, however, Plaintiff fails to point to any evidence contradicting the ALJ's finding that these conditions did not "result in ongoing significant vocational limitations for a twelve-month duration." AR 22. Both the medically determinable impairment *and* the resulting inability to engage in substantial gainful activity must last for at least twelve months. *See Barnhart v. Walton*, 535 U.S. 212, 217–22 (2002) (interpreting 40 U.S.C. § 423(d)(3)). Even if Plaintiff's visual impairment lasted more than twelve months, Plaintiff does not point to any record evidence suggesting it imposed a significant limitation on his ability to work. Plaintiff does not point to any other specific errors on this point, and therefore identifies no error in the ALJ's step-two analysis on this basis.

---

[2] Even if not, the ALJ also relied on two other independently sufficient reasons to discount it. *See* AR 23–25 (finding Plaintiff's symptom allegations were inconsistent with both the medical record and his daily activities). Plaintiff does not challenge those bases here, so any error in the ALJ's reliance on a conservative course of treatment to discount symptom testimony was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

PAGE 6 – OPINION AND ORDER

The ALJ supported his decision on step two with substantial evidence, and Plaintiff has not pointed to any harmful error in this appeal. At step two, it is the claimant's burden to provide evidence that he has one or more "severe" medically determinable impairments. *See Yuckert*, 482 U.S. at 146 & n.5; *Webb*, 433 F.3d at 686. Typically, that comes in the form of symptom testimony or medical evidence showing how a claimant's medically determinable impairments limit his ability to do "basic work activities." 20 C.F.R. § 404.1520(c). On appeal, Plaintiff does not point to any testimony or medical evidence that shows one or more of his MDIs is severe. *See generally* Pl. Br., ECF 6; Pl. Reply, ECF 11. Plaintiff also does not challenge several of the independently sufficient bases upon which the ALJ relied in finding Plaintiff had no severe MDIs. *See* AR 23–25. The ALJ discounted Plaintiff's symptom allegations as inconsistent with both the objective medical evidence in the record and with his reported daily activities. AR 23–24. Plaintiff does not challenge those conclusions here and therefore waives any argument challenging the ALJ's findings on these issues. *See Glanden*, 86 F.4th at 842, n.3 (noting that plaintiffs waive allegations of ALJ error "not raise[d] at the district court").

Plaintiff stresses that step two is a de minimis standard. But clearing this low bar still requires a claimant to "present[] evidence of a severe impairment." *Glanden*, 86 F.4th at 844. The ALJ concluded that Plaintiff did not meet his burden to proffer such evidence, and Plaintiff identifies none on appeal. The ALJ considered the objective medical evidence, the opinions of the state agency medical consultants, Plaintiff's conservative course of treatment, and Plaintiff's activities of daily living, and found that each was not consistent with disability. AR 19–25. The ALJ therefore reached the reasonable conclusion, supported by substantial evidence, that Plaintiff's impairments were not severe during the relevant period. AR 24–25. This Court will not disturb that finding on appeal.

PAGE 7 – OPINION AND ORDER

### B. Duty to Develop the Record

Finally, Plaintiff argues that the ALJ erred by declining to order a psychological consultative examination. Pl. Br., ECF 6 at 7-8.

Although an ALJ has a duty to "fully and fairly develop the record," *Smolen*, 80 F.3d at 1288, this duty "is triggered only when there is ambiguous evidence," or by the ALJ's own finding that "the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)). This duty does not allow a claimant to shift the burden of proving disability to the ALJ. *See id.* at 459. The burden of proof remains with the claimant at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

Here, the record before the ALJ was neither ambiguous nor inadequate to evaluate Plaintiff's disability allegation over the relevant period. Plaintiff does not identify specific ambiguous or missing evidence, but suggests that the overall record was inadequate to evaluate Plaintiff's alleged psychological impairments. *See* Pl. Br., ECF 6 at 6–7. The ALJ discussed Plaintiff's alleged mental limitations at length, citing numerous records showing Plaintiff did not engage in significant mental health treatment over the relevant period, did not provide a reason for failing to do so, and even records showing his mental health symptoms were under control. *See, e.g.,* AR 22–23, 551. Nothing in this record triggered the ALJ's obligation to further develop the record. *See, e.g.*, *Smolen*, 80 F.3d at 1288 (holding that an ALJ has no duty to develop the record if no medical evidence indicated that an impairment might exist). The ALJ did not err by failing further to develop the record with a retrospective consultative examination or a medical expert opinion.

## CONCLUSION

For the reasons given above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

**IT IS SO ORDERED**.

DATED this 21st day of January, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge